UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NICOLE C. NICEFORO,

            Plaintiff,                                                        Civil Action No.

     - against -                                                        COMPLAINT

UBS GLOBAL ASSET MANAGEMENT
AMERICAS INC.,

            Defendant.
-----------------------------------------------------------X

## INTRODUCTION

1. Plaintiff alleges that Defendant violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay her overtime premium pay for all hours worked in excess of forty per week, and that Defendant acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendant's failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") and section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b) and (c) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendant regularly conducts business in this district and is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Nicole C. Niceforo (hereinafter "plaintiff"), is a resident of Long Island City, New York. She was employed as an Account Manager by Defendant at its New York, New York office from on or about June 1, 2007 to on or about October 20, 2011.

6. The Defendant, UBS Global Asset Management Americas Inc. (hereinafter "defendant"), is a foreign corporation duly authorized to conduct business in the State of New York.

7. Upon information and belief, the defendant is one of the world's leading asset managers, providing traditional and alternative investment solutions to financial intermediaries and institutional investors.

## FACTS

8. Plaintiff's primary job duties were to act as a client relationship contact and internal sales associate to the defendants' internal and external clients.

9. Plaintiff's primary duties never consisted of performing managerial work directly related to defendant's management policies or general business operations or those of its customers. Nor did her primary duties include work requiring the exercise of discretion or independent judgment with respect to matters of significance.

10. Plaintiff never regularly supervised or directed the work of two or more full-time employees or their equivalent. Plaintiff never had any responsibility for managing any department or subdivision of defendant's business. And, plaintiff's duties never required

knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

11. Plaintiff regularly worked between 50 and 65 hours per week.

12. Plaintiff was not exempt and is not exempt from the overtime provisions of the FLSA or any applicable state laws.

13. Plaintiff was paid a set salary by the defendant during the course of her employment no matter how many hours she worked.

14. Defendant was aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

15. Defendant's failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

16. During the course of her employment, throughout her numerous regular and overtime working hours, Plaintiff conferred a measurable benefit upon Defendant.

## COUNT I
## FLSA Overtime Claim

17. At all times relevant to this Complaint, Defendant has been and continues to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

18. At all times relevant to this Complaint, Defendant has "employed" Plaintiff suffering or permitting her to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

19. At all times relevant to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

20. Defendant's failures to pay overtime wages to Plaintiff for such work violates the

FLSA (29 U.S.C. § 207).

21. Defendant's failures to provide required compensation for all hours worked by Plaintiff are willful violations within the meaning of FLSA (29 U.S.C. § 255(a)).

22. Defendant's repeated and intentional failures to provide required compensation for all hours worked by Plaintiff were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

23. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

24. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

25. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of the NYLL and the regulations pertaining thereto.

26. At all times relevant to this Complaint, Defendant employed Plaintiff suffering or permitting her to work within the meaning of NYLL and the regulations pertaining thereto.

27. Defendant failed to pay overtime premiums to Plaintiff for all such work hours in excess of 40 hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

28. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

29. As a result of Defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT III
### NYLL Spread of Hours Claim

30. That the Plaintiff worked shifts of more than ten hours for many workdays during her employment.

31. That the Defendant never paid spread of hours pay to the Plaintiff as required under Part 142, section 142-2.4 ("Spread of Hours Pay") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

32. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

33. As a result of defendant's violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court

(A) Determine the damages sustained by Plaintiff as a result of Defendant's violations of 29 U.S.C. §207, and award those damages against Defendant and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), plus such pre-judgment and post-judgment interest as may be allowed by law;

(B) Determine the damages sustained by Plaintiff as a result of Defendant's violations of the NYLL and the regulations pertaining thereto, and award those damages against Defendant

and in favor of Plaintiff, and liquidated damages, such pre-judgment and post-judgment interest as may be allowed by law; as well as restitution;

(C) Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and any reasonable accountants' or experts' fees.

(D) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
December 22, 2011

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq. (NG 1307)
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100